IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CRAIG A GRISHAM                                                                              PLAINTIFF

V.                                          4:12CV00546 JM

CITY OF SHERWOOD                                                                      DEFENDANT

## ORDER GRANTING SUMMARY JUDGMENT

Pending is the Defendant City of Sherwood's Motion for Summary Judgment. The Plaintiff has responded and the Defendant has replied. For the reasons set forth below, the Motion is GRANTED.

I.     Facts

In December of 1999, Plaintiff Craig Grisham began working as a police officer for the Sherwood Police Department ("SPD"). (Complaint at ¶ 7). Plaintiff also worked as a field training officer ("FTO") for the SPD when needed. Grisham remains employed with the SPD as a patrol officer, the same position he has held since 1999. (Aff. of J. Bedwell, ECF No. 16 at ¶ 4). The gist of Plaintiff's Complaint in this case is that he was retaliated against because he encouraged Tammy Turner, a co-worker, to file an EEOC Charge. (Ex. F, Grisham Depo. at p. 39)[1].

Tammy Turner filed a Charge of gender discrimination with the EEOC on June 8, 2011. (Turner's EEOC Charge, Ex. A). Prior to her EEOC Charge, Turner wrote an 8-page letter containing various criticisms of Sergeant Jamie Michaels. (Ex. C). Turner's letter followed a similar letter written by Plaintiff on April 14, 2011. (Ex. E). Both Turner and Plaintiff's letters

---

[1] Unless otherwise noted, the Court is citing to the Defendant's exhibits at ECF No. 15-1 through 15-18).

were critical of Sergeant Jamie Michaels, a superior officer.  Captain McFarland and Chief Bedwell discussed whether to reprimand Plaintiff for his letter, but concluded that it would not be fair to discipline Plaintiff for his letter since it was written at Captain McFarland's specific request. (Aff. of J. Bedwell, ECF No. 16 at ¶ 7; Aff. of S. McFarland, ECF No. 17 at ¶ 4). Officer Tammy Turner, however, received a letter of reprimand from Lieutenant Harper for the letter because he determined that the letter was insubordinate.  According to Plaintiff, Officer Tammy Turner discussed her letter of reprimand with Plaintiff.  Plaintiff advised her to file an EEOC Charge and to get an attorney based upon the fact that Plaintiff had written a similar letter and had not received a reprimand for it. (Ex. F at p. 45).

On June 13, 2011, Lieutenant Bill Michaels wrote to Captain Scott McFarland and requested an investigation into whether Plaintiff was using his role as a field training officer "as a platform to promote his own agenda and personal biases."  In the memo, Lieutenant Michaels reported to Captain McFarland that other officers had come to him and complained about Plaintiff after Michaels announced that Plaintiff would be transferring to their shift.  Lieutenant Michaels wrote in his memo that he had been advised that Plaintiff, while acting as an FTO, had conversations with junior officers during which he criticized certain supervisors, including Sergeant Jamie Michaels, Michaels' wife. (Ex. G, Memo from Lt. Michaels to Capt. McFarland; Aff. of McFarland at ¶ 8).  In his memo, Lieutenant Bill Michaels did not recommend any disciplinary action against Plaintiff.  Instead, he recommended that the matter "be investigated and the proper disciplinary action taken if found to be true." (Ex. G).  Captain McFarland concurred with Lieutenant Bill Michaels that the issue needed to be investigated. (Aff. of McFarland, ECF No. 17 at ¶ 9).  Plaintiff contends in this lawsuit that Lieutenant Bill Michaels

requested this internal investigation that led to Plaintiff's removal as an FTO, not because of concerns about Plaintiff's behavior, but because Plaintiff encouraged co-worker Tammy Turner to file an EEOC charge. (Grisham Depo., Ex. F at p. 59).

Captain McFarland directed Lieutenant James Harper to conduct an investigation into "possible inappropriate comments that Plaintiff has made to rookie officers while he was training them as an FTO." He noted that "the alleged comments are negative and detrimental in nature and directed at supervisors in the Police Department." (Ex. H; Aff. of McFarland, ECF No. 17 at ¶ 9). Lieutenant Harper conducted an investigation into the issue and reported his findings to Capt. McFarland, as directed. Lieutenant Harper recommended that Plaintiff be removed as an FTO and also reprimanded or suspended for insubordination. (Exs. I & J; Aff. of McFarland, ECF No. 17 at ¶¶10-11). Capt. McFarland, based on his review of the materials Lieutenant Harper provided, independently determined that Plaintiff had violated SPD's insubordination policy. McFarland wrote a memo to Chief Bedwell expressing his opinion. He then submitted the entire file to Chief James Bedwell for a final decision. (Ex. K; Aff. of McFarland, ECF No. 17 at ¶ 11).

After reviewing the entire file on the matter, Chief Bedwell made the decision to discipline Plaintiff for insubordination and to remove him as an FTO. Bedwell wrote a Letter of Reprimand dated August 18, 2011, to reflect the action that he was taking. (Ex. L, Aff. of Bedwell, ECF No. 16 at ¶ 10). Plaintiff admits that Chief Bedwell made the decision to relieve him of his FTO duties because of Chief Bedwell's honest belief that Plaintiff had made statements to other officers. (Ex. F, Plaintiff depo. at p. 26).

On September 13, 2011, Plaintiff filed a Charge of discrimination with the EEOC

alleging that the Defendant had retaliated against him and discriminated against him on the basis of his sex by removing him from his FTO duties and by issuing him a letter of reprimand.[2] He was issued a notice of right to sue on June 19, 2012. Plaintiff filed his Complaint in this Court on August 29, 2012.

The Defendant filed a Motion for Summary Judgment contending that the Plaintiff has failed to exhaust his administrative remedies as to a newly alleged claim for failure to promote. Further, the Defendant argues that Plaintiff has failed to make a prima facie case of retaliation under Title VII and has failed to prove pretext.

II. Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a

---

[2] Plaintiff did not allege in his Complaint that he was discriminated against on the basis of his sex.

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

    III.    <u>Discussion of the Law</u>

    A.    <u>Failure to Promote Claim</u>

As the Defendant argues, Plaintiff did not include an allegation in his EEOC Charge that the City of Sherwood retaliated against him by failing to promote him to Sergeant. Plaintiff admits that the failure to promote claim is not expressly included in the Charge but contends that it is implied. Plaintiff argues that the failure to promote claim should be encompassed in his statement that he was "being disciplined."

"Title VII requires that before a plaintiff can bring suit in court to allege unlawful discrimination, she must file a timely charge with the EEOC or a state or local agency with authority to seek relief." *Richter v. Advance Auto Parts, Inc.,* 686 F.3d 847, 850 (8th Cir. 2012) (citing 42 U.S.C. § 2000e–5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109,

122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)). "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.' . . . Each discrete act is a different unlawful employment practice for which a separate charge is required." *Richter*, 686 F.3d at 851 (quoting *Morgan*, 536 U.S. at 114). Prior to *Nat'l R.R. Passenger Corp. v. Morgan*, courts routinely permitted a finding that a subsequent retaliation claim which grew out of the initial EEOC Charge was sufficiently related to the Charge be within the scope of the lawsuit. However, since that time the Eighth Circuit has recognized that "retaliation claims are not reasonably related to underlying discrimination claims" and allowing retaliation claims without a Charge would frustrate the conciliation process which is 'central to Title VII's statutory scheme.'" *Richter*, 686 F.3d at 853 (quoting *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994)).

Because Plaintiff's EEOC Charge did not include any allegation regarding a failure to promote claim, the Court finds that Plaintiff has failed to exhaust his administrative remedies as to this claim. The failure to promote claim is dismissed.

B.    <u>Retaliation</u>

Title VII's anti-retaliation provision protects employees who "opposed any practice made an unlawful employment practice by this subchapter" and employees who have "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3. To establish a prima facie case of retaliation, Plaintiff must present evidence that 1) he engaged in activity protected under Title VII; 2) an adverse employment action was taken against him; and 3) a causal connection existed between the two. *Id.* The defense may rebut a plaintiff's claim by advancing a legitimate, 'non-retaliatory reason

for the adverse employment action.  "If the defendant can show a legitimate reason, the plaintiff must show that the given reason was only a pretext for discrimination." *Id.*

The Eighth Circuit Court of Appeals has consistently held that "to be materially adverse, retaliation cannot be trivial; it must produce some injury or harm. . . . [C]ommencing performance evaluations, or sending a critical letter that threatened appropriate disciplinary action, or falsely reporting poor performance, or lack of mentoring and supervision were actions that did not establish a prima facie case of retaliation, absent showings of materially adverse consequences to the employee." *Littleton v. Pilot Travel Centers, LLC,* 568 F.3d 641, 644 (8th Cir. 2009) (internal citation omitted).

The Defendant contends that the decision to give Plaintiff a written reprimand and to remove him as an FTO are not materially adverse because the reprimand was inconsequential and Plaintiff merely lost $1.50 per hour as a result of his removal from the FTO position.  The Court agrees that the written reprimand alone is not sufficient to show a materially adverse consequence to the Plaintiff.  Plaintiff's removal from the FTO position is a more difficult question.  Although Plaintiff did not receive a considerable decrease in compensation based upon his removal from FTO duties, he did lose a distinguished title and a reduction in material responsibilities.  The Court finds that this action might have dissuaded a reasonable worker from making or supporting a charge of discrimination.  Therefore, Plaintiff suffered an adverse employment action when he was removed from the FTO position.

Next, Plaintiff must show that his removal from the FTO position was causally connected to his support of Tammy Turner filing an EEOC Charge.  As evidence of causation, Plaintiff points out that Lieutenant Bill Michaels was the person who recommended an investigation into

Plaintiff's comments about Michaels' wife. Apparently, Plaintiff is trying to make the connection between Officer Turner's EEOC Charge which did not include any allegation against Sergeant Jamie Michaels and Lieutenant Michaels' recommendation for an investigation. This connection is tenuous at best. If Lieutenant Michaels' recommendation was based upon retaliation, there is evidence that the retaliation against Plaintiff would be the result of the statements that Plaintiff had made against Michaels' wife, not for an EEOC Charge against the Sherwood Police Department. Michaels' animosity toward Plaintiff based upon Plaintiff's remarks about Michaels' wife is not actionable under Title VII.

In addition, Plaintiff contends that the results of the investigation into his statements did not warrant any disciplinary action because some of the interviewees, Plaintiff's co-workers, did not hear Plaintiff make negative comments about Sergeant Jamie Michaels. However, it is not the Court's province to determine whether a defendant makes a good business decision. The fact that the Defendant had any evidence of Plaintiff's insubordination is enough to support the decision to remove him from the FTO position. As Plaintiff admitted, Chief Bedwell, the person who made the adverse employment decision, believed that Plaintiff had made statements which constituted insubordination while performing his duties as an FTO. "It has become a commonplace for this court to observe, and it observes again here, that the employment-discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination." *Hutson v. McDonnell Douglas Corp.,* 63 F.3d 771, 781 (8th Cir. 1995).

Further, Plaintiff contends that Officer Kevin Webb was a similarly situated employee

who was treated more favorably than the Plaintiff. Officer Webb remained an FTO after receiving a written reprimand for failing to use a recording device on a specific DWI stop. However, Officer Webb and Plaintiff are not similarly situated. Plaintiff was removed from FTO duties because he made "disparaging comments about Sergeant [Jamie] Michaels while acting as a FTO. . . . with trainees or junior officers who are still relatively new to the Sherwood Police Department and still impressionable." (EX. I at p. 2-3). Officer Webb was reprimanded for failing to ensure he had a recording of a traffic stop and for writing a poor report. Plaintiff has not provided evidence that other similarly situated employees outside the protected class were treated preferentially. *See Wheeler v. Aventis Pharm.*, 360 F.3d 853, 858 (8th Cir. 2004) (noting the burden for establishing a "similarly situated" employee at the pretext stage is rigorous; plaintiff must prove that employees were similarly situated in all relevant respects), abrogated on other grounds by *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042, 1043 (8th Cir. 2011).

    IV.    Conclusion

In conclusion, Plaintiff has failed to set forth a prima facie case of retaliation because he has failed to provide sufficient evidence of a causal connection between his removal as an FTO and his advice to Officer Tammy Turner to file an EEOC Charge. For these reasons, Defendant's Motion for Summary Judgment (ECF No. 15) is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 27th day of March, 2014.

                                                                               _____
                                                                               James M. Moody
                                                                               United States District Judge